## Paul G. Hawley v. Jesse W. Curry.

1. FINDINGS BY THE COURT—*Not Sustained by the Evidence.*—The court reviews the evidence and holds that there is a clear want of that degree of proof required by law to warrant the finding and judgment of the court.

2. ERROR—*Without Injury.*—Where a witness testified to all the facts he could properly have been permitted to answer in response to certain questions, objections to which were sustained by the court, the error, if any, is harmless, and furnishes no ground for complaint.

Assumpsit, for goods sold and delivered. Appeal from the City Court of Aurora; the Hon. R. P. GOODWIN, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed February 28, 1898.

CHAS. WHEATON, attorney for appellant.

ALDRICH, WINSLOW & WORCESTER, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

The declaration is the common count in assumpsit for goods sold and delivered by the appellee to the appellant. A jury having been waived the trial was by the court, resulting in a finding and judgment against appellant for $1,257.13, from which he appeals to this court, assigning various errors.

It appears appellant owned several tracts of land, and had given to his son, Frank O. Hawley, the use of one of the farms, consisting of 400 acres, the son to have the rents and to keep up the improvements. The son purchased tile of the appellee, for which this suit is brought against appellant. The tile so purchased were used to drain the pasture lands on the farm occupied by the son, the ditch having been constructed during the time of such occupancy. Appellee, assuming the son owned the land, sued and recovered a judgment against him for the value of the tile, and it not having been paid was thereafter vacated and this suit

was instituted against appellant for the same tile, it being contended that he was the undisclosed principal, for whom the son was agent in the transaction. It does not appear affirmatively that appellant ever directly authorized his son to purchase the tile, or make the drain upon the pasture lands. Both son and father testify the latter objected to this improvement at its beginning and during its progress, and that appellant never advised or consented to it. Appellee contends the son was the agent of the appellant in the purchase of the tile and the construction of the drain.

The burden of proof was upon the appellee to establish this fact by a preponderance of the evidence, and while it is not essential that direct or positive evidence of this fact should have been produced on the trial, it being sufficient to prove it by circumstantial evidence, still, if circumstances are relied upon they must be of such nature and weight, when the evidence is considered together as a whole, to arise to that degree of probative force required to establish the affirmative of the issue.

It appears from the evidence the son had been in the possession and control of the land in question, in person or by his tenant, for ten years, during which time he received the rents as his own, and disposed of them as he saw fit, the appellant assuming no authority or control in that respect. Our conclusion from the whole evidence is, that the use of the farm was a gift by the appellant to his son, and the latter should be treated as any other tenant in his relations with his landlord. The relation of appellant and Frank O. Hawley was that of landlord and tenant, and not that of principal and agent. The evidence is far short of proving agency. The direct and positive evidence negatives such relation, and is not overcome by circumstances, or otherwise. The tenant was not authorized to make permanent improvements at the expense of his landlord, but was required under the terms of the gift, or renting, to make general repairs, and certain tiling on the ridge, as described by the evidence. There is a clear want of that degree of evidence required by law to warrant the finding and judgment, and in this we think there is manifest error.

Hawley v. Curry.

It is earnestly insisted by counsel for appellee that the proper conclusion to be drawn from the evidence is that appellant clothed his son with the apparent ownership of the land and held him out to the world as such owner, in consequence of which, persons who dealt with him were misled into giving him credit, and therefore the principle of estoppel should be applied to prevent injustice. We recognize no force in this position. The facts do not warrant the application of the doctrine of estoppel. Frank O. Hawley was no more invested with the appearance of ownership of the farm in question than any other tenant of land would be, and had appellee inquired, or examined the public records, he could not have been misled. It was his own fault that he did not know appellant owned the land.

It is also contended that after appellee sued Frank O. Hawley and obtained judgment against him, the appellant promised to pay it, or see that it was paid. This, however, is disputed by appellant, but if it should be admitted, the promise would be a nullity, as falling within the statute of frauds, which was pleaded.

Appellant complains of the ruling of the court in sustaining objections to certain questions to the witness F. O. Hawley, tending to elicit the capacity in which he was acting when he made the contract with Curry, whether his father authorized him to make the contract, and consented to the tiling. We think, in sustaining the objections, the court ruled properly, as the effect of the questions was to elicit from the witness his own conclusions, rather than the facts proper to be stated. Besides, the witness afterward testified to all the facts he could properly have been permitted to answer in response to the questions, objections to which the court had sustained, and the error, if such it be, was therefore harmless.

For the error to which we have referred, the judgment of the Circuit Court will be reversed and the cause remanded.